NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROSE M. DUVUVUEI,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2024-2263

---

Petition for review of the Merit Systems Protection Board in No. CH-0752-19-0405-I-1.

---

Decided:  January 14, 2026

---

ROSE M. DUVUVUEI, Delaware, OH, pro se.

KELLY WINSHIP, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before DYK, STOLL, and CUNNINGHAM, *Circuit Judges.*

PER CURIAM.

Rose Duvuvuei petitions for review of the Final Order of the Merit Systems Protection Board that dismissed her appeal as untimely. Because Ms. Duvuvuei untimely filed her appeal without a showing of good cause for the delay, we affirm.

BACKGROUND

On May 6, 2019, Ms. Duvuvuei was removed from her position as a Financial Systems Specialist with the Defense Finance and Accounting Service (DFAS). SAppx 33–35.[1] Ms. Duvuvuei's notice of removal stated that she was being removed for absence without leave and provided information on her appeal rights to the Board, which stated that she must file her "appeal within 30 calendar days of the effective date of [Ms. Duvuvuei's notice of removal]." SAppx 33–36. Ms. Duvuvuei filed an appeal with the Board challenging the removal. SAppx 26; SAppx 40. The appeal was postmarked on June 6, 2019 and was received by the Board on June 10, 2019. SAppx 26; SAppx 40.

On June 11, 2019, the administrative judge issued an order on timeliness, informing Ms. Duvuvuei that there was "a question whether [Ms. Duvuvuei's] appeal was filed within the time period required by the Board's regulations." Resp. Inf. Br. 2 (citing SAppx 41–45). The administrative judge stated that the filing period for Ms. Duvuvuei's case "began on May 6, 2019, and that [her] appeal was filed by regular mail on June 6, 2019," making Ms. Duvuvuei's appeal one day late. SAppx 42. Ms. Duvuvuei was directed to file evidence showing that she filed her appeal "on time or that good cause exists for the delay in filing." *Id.* The administrative judge's order also specifically stated that if an illness caused a delay in filing, then Ms. Duvuvuei should provide evidence of the

---

[1]    "SAppx" refers to the Supplemental Appendix filed by the Respondent with its Informal Brief. *See* ECF No. 24.

illness and an explanation of how the illness prevented her from timely filing her appeal.  SAppx 43–44.

On June 16, 2019, Ms. Duvuvuei responded to the June 11, 2019 order, stating that she sought the advice of others regarding the appeal deadline and that she had been advised the deadline was June 6, 2019.  SAppx 46.  On June 21, 2019, DFAS filed "a motion to dismiss, a response to the June 11, 2019 Order, and the agency file."  Resp. Inf. Br. 3 (citing SAppx 26).  On July 1, 2019, Ms. Duvuvuei filed a response to DFAS's motion, stating that she had been ill for a long period of time and sought the advice of several friends and professionals, particularly the Union President[2] at DFAS, regarding the appeal deadline because "[Ms. Duvuvuei] wanted to ensure [she] was handling the appeal as necessary."  SAppx 47–48.

On July 2, 2019, the administrative judge dismissed Ms. Duvuvuei's appeal as untimely filed, stating that Ms. Duvuvuei did not show good cause for the delay.  SAppx 9–16.  The administrative judge determined that because Ms. Duvuvuei's notice of removal was sent on May 6, 2019, the deadline for her to file her appeal would have been 30 days later on June 5, 2019, making Ms. Duvuvuei's appeal one day late.  SAppx 11.  The administrative judge found that Ms. Duvuvuei's miscalculation of the filing deadline was not good cause for an untimely filing.  SAppx 13–14.  The administrative judge also determined that while Ms. Duvuvuei argued that her illness also caused the untimely filing, Ms. Duvuvuei failed

---

[2]    Ms. Duvuvuei refers to this individual as a Union Steward in her letter to the Board on June 16, 2019, but later as the Union President in her August 1, 2019, letter to the Board and in her appeal to this court.  SAppx 46; SAppx 49; Pet. Inf. Br. 1.

to explain how her illness caused a delay in filing. SAppx 14–15.

On August 5, 2019, Ms. Duvuvuei filed a petition for review with the Board.  SAppx 27; SAppx 49–51.   On June 13, 2024, the Board issued its Final Order denying the petition for review and affirming the initial decision. SAppx 1–3.

Ms. Duvuvuei now petitions for judicial review of the Board's final order.  We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm the Board's decision unless we find it to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see also Hornseth v. Dep't of the Navy,* 916 F.3d 1369, 1373 (Fed. Cir. 2019).  We have stated that "whether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board."  *Mendoza v. Merit Sys. Prot. Bd.,* 966 F.2d 650, 653 (Fed. Cir. 1992) (citations omitted).

Ms. Duvuvuei does not dispute the Board's finding that her appeal was untimely.  Thus, the only issue is whether the Board abused its discretion in finding that she did not establish good cause for her delay.

The Board's regulations require Ms. Duvuvuei to show a "good reason for the delay."  5 C.F.R. § 1201.22(c).  We have explained that good cause exists and "[d]elay is excusable where, under the circumstances, a petitioner exercises diligence or ordinary prudence."  *Mendoza,* 966 F.2d at 653 (citation omitted).   The burden is on Ms. Duvuvuei to demonstrate excusable delay.  *Id.*  Thus, before the Board,

the burden was on Ms. Duvuvuei to show that she "exercised diligence and ordinary prudence in filing her appeal" one day late. *Id.*

To determine whether good cause exists, the Board considers the circumstances of the case and the relevant *Alonzo* factors, including but not limited to:  (1) "the length of the delay;" (2) "whether [the petitioner] was notified of the time limit or was otherwise aware of it;" (3) "the existence of circumstances beyond the control of the [petitioner] which affected [her] ability to comply with the time limits;" and (4) "circumstances which show that any neglect involved is excusable neglect." *Alonzo v. Dep't of Air Force*, 4 M.S.P.R. 180, 184 (1980).

Ms. Duvuvuei first argues that she relied on the advice of the Union President and several friends who advised her that her appeal must be postmarked by June 6, 2019.  Pet. Inf. Br. 1–7;[3] SAppx 47–48; SAppx 49.  We agree with the Board's determination that while the one-day delay was "minimal," and Ms. Duvuvuei relied on the incorrect date provided to her by the Union President and her friends, Ms. Duvuvuei was aware of the 30-day deadline, and she did not offer evidence showing that she was prevented by circumstances that affected her ability to timely file her appeal.  SAppx 12–15.  Nor did she demonstrate any need to wait until the alleged last day of the 30-day period to file. The Board did not abuse its discretion when it determined that Ms. Duvuvuei's reliance on the miscalculated final due date provided to her by the Union President and her friends did not establish good cause for delay.  SAppx 11–16.

Ms. Duvuvuei also argues that her appeal was untimely filed because she "ha[s] been plagued with illnesses,

---

[3]    All pagination is based on the ECF pagination. *See* ECF No. 21.

since returning from Afghanistan for DFAS," particularly with chronic insomnia and tinnitus. SAppx 49–50. However, Ms. Duvuvuei was informed that to show that an illness prevented her from timely filing her appeal, Ms. Duvuvuei would have to show that she "suffered from the illness during the relevant time period, and *[had to] explain how the illness prevented [her] from filing [the] appeal on time.*" SAppx 14 (emphasis added) (citation omitted). While Ms. Duvuvuei provided extensive details regarding her symptoms, diagnoses, and upcoming appointments, she did not provide evidence demonstrating that her chronic insomnia, tinnitus, or other illnesses affected her ability to comply with the appeal deadline. SAppx 47–48; SAppx 49–51. Nor did Ms. Duvuvuei explain why such evidence was not available. SAppx 14. The Board thus did not err in concluding that Ms. Duvuvuei failed to address or provide evidence establishing that her chronic insomnia, tinnitus, or other illnesses kept her from timely filing her appeal or requesting an extension, and therefore failed to show good cause that her illnesses prevented her from timely filing her appeal. SAppx 14–15. We determine that the Board did not abuse its discretion when it found that Ms. Duvuvuei failed to "show due diligence in attempting to timely file her appeal" or "establish good cause for her delay." SAppx 15.

In Ms. Duvuvuei's opening brief before us, she raised a new argument, asserting that she was sent to the hospital for a well-being check on June 5, 2019, rendering her unavailable to mail her appeal. Pet. Inf. Br. 5. Ms. Duvuvuei did not raise this argument before the Board. This court will not consider issues not previously raised before the Board. *See Bosley v. Merit Sys. Prot. Bd.,* 162 F.3d 665, 668 (Fed. Cir. 1998). Even if not waived, however, Ms. Duvuvuei did not demonstrate why she was unable to file prior to the alleged last day of the 30-day period.

We thus affirm the Board's decision dismissing Ms. Duvuvuei's appeal as untimely filed.

DUVUVUEI v. MSPB                                                                7

CONCLUSION

We have considered Ms. Duvuvuei's remaining arguments and find them unpersuasive.  For the reasons stated above, we affirm the Board's decision dismissing Ms. Duvuvuei's claims.

**AFFIRMED**

COSTS

No costs.